**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-cr-60184-BLOOM**

UNITED STATES OF AMERICA,

 Plaintiff,

v.

MODESTO MENDOZA,

 Defendant.

_____/

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** is before the Court upon Defendant Modesto Mendoza's ("Defendant") Motion for Compassionate Release and for Appointment of Counsel, ECF No. [37] ("Motion"). The Government filed its Response, ECF No. [39], to which Defendant has not filed a Reply. The Court has carefully reviewed the Motion, all opposing and supporting submissions, any relevant exhibits, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I. BACKGROUND**

On August 18, 2014, Defendant pled guilty to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* ECF No. [25]; Plea Agreement, ECF No. [27]. On November 17, 2014, this Court sentenced Defendant to a total term of imprisonment of 210 months, followed by 5 years of supervised release. ECF No. [35]. Defendant is currently housed at Federal Correctional Institution in Leavenworth, Kansas ("USP Leavenworth"). Defendant is scheduled to be released from custody on May 12, 2031.

In the Motion, Defendant requests a sentence reduction due to the ongoing COVID-19 pandemic, arguing that that the conditions at USP Leavenworth and his positive COVID-19

diagnosis put him at an increased risk of infection. ECF No. [37] at 2-3. The Government opposes the Motion, arguing that compassionate release is not warranted in this case because there are no extraordinary and compelling reasons, the § 3553(a) factors do not support a sentence reduction, and Defendant remains a danger to the community.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread across the world and have impacted every person's life. The United States is currently reporting more confirmed cases of COVID-19 and resulting deaths than any other country, with 26,398,337 confirmed cases and 449,020 reported deaths as of February 4, 2021.[1] The COVID-19 pandemic poses a serious danger to society at large. Moreover, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice public health precautions that are otherwise available to the general public, such as social distancing practices.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Bureau of Prisons ("BOP") to move vulnerable inmates out of penal institutions and into home confinement, where appropriate. *See* Mem. from Attorney Gen. William Barr for Dir. of Bureau of Prisons re: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020), https://www.justice.gov/file/1266661/download ("Memorandum"). The Memorandum identifies several facilities that have been particularly affected and should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id.* at 1. The Attorney General has made the express finding that extant emergency conditions are materially affecting BOP functioning and has directed the BOP to immediately maximize transfers to home confinement for all eligible inmates at the specifically named facilities and other similarly situated facilities where

---

[1] *Cases of Coronavirus Disease (COVID-19) in the U.S.*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated Feb. 4, 2021).

COVID-19 is materially affecting operations. *Id.* The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors, as established by the Centers for Disease Control and Prevention ("CDC"), to determine their suitability for home confinement, while also emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to avoid over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id.* at 2-3. Finally, the Memorandum stresses the need for careful and individualized determinations regarding the propriety of releasing any given inmate to home confinement and discourages indiscriminate releases. *Id.* at 3.

## II. DISCUSSION

### A. Compassionate Release

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v.*

3

*Rivas*, 800 F. App'x 742, 745 (11th Cir. 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

> Defendant here seeks compassionate release, pursuant to § 3582(c)(1)(A), which states:
>
> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

As has been recognized by various courts, the Sentencing Commission ("Commission") has not implemented a new policy statement following the First Step Act. *See United States v. Brown*, 411 F. Supp. 3d 446, 449 n.1 (S.D. Iowa 2019) (collecting cases). Rather, the existing policy statement still assumes compassionate release "may be granted only upon motion by the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.4 (U.S. Sent'g Comm'n 2018).

> This leaves district courts in a conundrum. On the one hand, Congress unequivocally said it wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with *applicable* policy statements" from the Sentencing Commission. § 3582(c)(1)(A) (emphasis added). On the other hand, the Commission—unable to take any official action—has not made the policy statement for the old regime applicable to the new one.

*Id.* at 449.

While the Court of Appeals for the Eleventh Circuit has yet to address the issue,[2] four other circuits have recognized that the Commission lacks an applicable policy statement for when a district court can grant compassionate release, and have accordingly held that § 1B1.13 does not apply to cases where a defendant files a motion for compassionate release, rather than the BOP. *See United States v. Brooker*, 976 F.3d 228, 234-36 (2d Cir. 2020) ("[T]hough motions by the BOP still remain under the First Step Act, they are no longer exclusive, and we read the Guideline as surviving, but now applying only to those motions that the BOP has made."); *United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020) ("By its plain terms, in short, § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)."); *United States v. Jones*, 980 F.3d 1098, 1108-09 (6th Cir. 2020) ("[T]he passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release."); *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020) ("[T]he Guidelines Manual lacks an 'applicable' policy statement covering prisoner-initiated applications for compassionate release. District judges must operate under the statutory criteria—'extraordinary and compelling reasons'—subject to deferential appellate review.").

> Courts across the country . . . still rely on § 1B.1.13 for guidance as to the "extraordinary and compelling reasons" that may warrant a sentence reduction. *See* [*United States v. Drummond*, No. 1:97-cr-0019 (N.D. Ga. Sept. 27, 2019)] (viewing § 1B.1.13 as "non-binding guidance"); *see also United States v. Solis*, No. 16-015-CG-MU, 2019 WL 2518452, at *2-3 (S.D. Ala. June 18, 2019); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). However, the Court is not *limited* to the technical requirements set forth in § 1B1.13 in assessing whether a defendant's application for compassionate release provides "extraordinary and compelling reasons" for a sentence reduction under §

---

[2] *See United States v. Abreu*, No. 20-12208, 2020 WL 7774951, at *1 n.1 (11th Cir. Dec. 30, 2020) (noting that the Eleventh Circuit has "not issued a published opinion addressing several key issues about the First Step Act's recent amendments to § 3582(c)(1)(A)—like, for example, the standard of review, any procedural and jurisdictional requirements, or the definition of 'extraordinary and compelling circumstances'—although several cases have been classified for oral argument to resolve these questions. *See, e.g.*, *United States v. McKreith*, appeal no. 20-10450; *United States v. Bryant*, appeal no. 19-14267; *United States v. Friedlander*, appeal no. 19-13347.").

> 3582(c)(1)(A)(i). *See, e.g.*, [*United States v. Ullings*, No. 1:10-cr-00406, 2020 WL 2394096, at *2 (N.D. Ga. May 12, 2020)] (citing *United States v. Perez*, 451 F. Supp. 3d 288, 294 (S.D.N.Y. 2020)); *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) ("While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)."); [*United States v. Beard*, No. 1:16-CR-285-SCJ (N.D. Ga. June 25, 2020); *United States v. Kowalewski*, No. 2:13-CR-00045-RWS (N.D. Ga. Apr. 30, 2020); *United States v. Hill*, No. 1:05-CR-0081-LMM (N.D. Ga. June 10, 2020); *United States v. Noble*, No. 1:09-CR-315-MHC (N.D. Ga. Nov. 24, 2020)].

*United States v. Poulnott*, --- F. Supp. 3d ---, No. 1:89-cr-00001-AT-ALC-1, 2020 WL 7974295, at *3 (N.D. Ga. Dec. 30, 2020).

Upon review, the Court agrees with the reasoning of the Circuit Courts across the country concluding that courts are not bound by § 1B1.13, and notes that this reasoning seemingly complements the Eleventh Circuit's recent observation that the policy statement in § 1B1.13 "'notably' has not been updated since the passage of the First Step Act and refers only to motions filed by the Director of the Bureau of Prisons." *United States v. Hewlett*, No. 5:93-CR-00137-SLB-SGC-2, 2020 WL 7343951, at *4 (N.D. Ala. Dec. 14, 2020) (quoting *United States v. Gist*, No. 20-13481, 2020 WL 7227282, at *1 (11th Cir. Dec. 8, 2020)). Thus, while § 1B1.13 provides useful guidance for addressing motions for compassionate release, the Court concludes that it is not bound by this guidance.

Moreover, § 3582 delineates how this Court should analyze whether a defendant is entitled to a sentence modification.

> *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test . . . . And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020).

Thus, in order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Defendant is not a danger to the community. Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

As an initial matter, the Court recognizes that Defendant has exhausted his administrative remedies in this case, and the Government concedes that the exhaustion requirement is satisfied. ECF No. [39] at 4. Nevertheless, as explained below, Defendant's Motion fails to satisfy the remaining considerations under the compassionate release analysis.

With regard to the "extraordinary and compelling reasons" analysis, Defendant fails to demonstrate that sufficiently compelling circumstances exist under § 3582(c). CDC guidance indicates that adults of any age with the following health conditions are at increased risk of severe illness due to COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, Down Syndrome, heart conditions, such as heart failure, coronary artery disease, and cardiomyopathies, immunocompromised from solid organ transplant, obesity, severe obesity, pregnancy, sickle cell disease, smoking, and type 2 diabetes.[3] In addition, adults of any age with

---

[3] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 3, 2021).

the following conditions might be at an increased risk for severe illness: asthma (moderate-to-severe), cerebrovascular disease, cystic fibrosis, hypertension or high blood pressure, immunocompromised state from blood or bone marrow transplant, immune deficiencies of HIV, use of corticosteroids, or use of other immune weakening medicines, neurologic conditions such as dementia, liver disease, overweight, pulmonary fibrosis, thalassemia, and type 1 diabetes.[4]

Defendant does not provide the Court with adequate circumstances to warrant finding that extraordinary and compelling reasons exist for his release. Defendant does not to point to any particular medical condition that subjects him to a heightened risk of death from COVID-19.[5] Instead, Defendant states that he tested positive for COVID-19, and that the conditions at USP Leavenworth put him at an increased risk of reinfection. The court is certainly sympathetic to Defendant's concerns regarding COVID-19 outbreaks in prison facilities. However, the BOP website indicates that at USP Leavenworth, only 10 inmates and 5 staff members have tested positive for COVID-19.[6] Additionally, "the BOP Director has not found COVID-19 alone to be a basis for compassionate release." *See United States v. Harris*, No. 2:12-cr-140-FtM-29DNF, 2020 WL 1969951, at *2 (M.D. Fla. Apr. 24, 2020) (citing *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . .")); *see also United States v. Kelly*, No. 2:03-cr-126-FtM-29, 2020 WL

---

[4] *Id*.

[5] Although not raised in the Motion, a review of a review of Defendant's medical records reveal that he was diagnosed with hypertension in 2008. While hypertension *might* increase an individual's risk of contracting a severe case of COVID-19,[5] Defendant fails to allege the nature of this condition, its severity, any lasting effects, or what treatments he is or is not receiving for it.

[6] *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 4, 2021).

2039726, at *1 (M.D. Fla. Apr. 28, 2020) (The "defendant does not allege any extraordinary or compelling circumstances to support compassionate release.").

Defendant also does not persuade the Court that current procedures in place or resources available at USP Leavenworth are insufficient to protect him from the virus. Indeed, as the Government notes, Defendant's most recent medical records indicate that he has recovered from COVID-19 and is no longer housed in the isolation unit. Defendant is 37 years old, his medical records do not reflect that his treatments while incarcerated are inadequate to care for his medical needs, and he otherwise fails to provide to provide any evidence or argument that his health is deteriorating, much less from COVID-19. Thus, Defendant has not met his burden to demonstrate that extraordinary and compelling reasons exist to support his request for compassionate release or sentence modification.

The Government maintains that even if extraordinary and compelling circumstances existed in this case, Defendant's request is nonetheless unwarranted because the relevant § 3553(a) factors weigh against his release and he poses a danger to the safety of others or to the community pursuant to § 3142(g).

The sentencing factors under § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . .
. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing," the Court must assess whether "immediate release would be consistent with those factors," upon consideration of the circumstances underlying the request for compassionate release and the time remaining in Defendant's sentence. *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).

Similarly, in analyzing whether Defendant poses a danger to the safety of the community, § 3142(g) sets forth the relevant factors to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). "The factors listed in 3142(g) are largely duplicative of those in 3553(a)." *United States v. Martin*, No. CR 98-178, 2020 WL 3960433, at *6 (E.D. Pa. July 13, 2020) (quoting *United States v. Salvagno*, No. 02-51, 2020 WL 3410601, at *7 (N.D.N.Y. Apr. 23, 2020)).

The Court acknowledges at the outset that Defendant's underlying offense is serious. At the time of sentencing, the Court concluded that a term of imprisonment of 210 months was an appropriate punishment for Defendant's conduct in light of the § 3553 considerations. Specifically,

this term of imprisonment was imposed due to the seriousness of the underlying offense and, in part, to Defendant's criminal history. As the Government notes, Defendant had a criminal history category of V. To date, Defendant has served approximately 35% of his total sentence, and has had seven disciplinary incidents while in custody. As a result, the Court finds that the applicable § 3553 factors do not weigh in favor of granting Defendant's request for a sentence reduction. Moreover, given Defendant's criminal history, drug-related convictions, and disciplinary action, the Court is not persuaded that Defendant is unlikely to commit crimes in the future, or that he would not pose a danger to the community.

Based on the discussion above, the Court concludes that Defendant has not satisfied his burden of demonstrating that compassionate release is warranted.

### B. Appointment of Counsel

Defendant requests that the Court appoint counsel to assist him in the instant proceedings because: (1) USP Leavenworth may go into lockdown due to a COVID-19 outbreak; and (2) he does not have access to a law library. ECF No. [37] at 4. Upon review, Defendant is not entitled to the relief he requests. There is no statutory or constitutional right to counsel for a § 3582(c) proceeding. *See United States v. Webb*, 565 F.3d 789, 794 (11th Cir. 2009). Instead, the district court has the discretionary authority to appoint counsel "in the interests of justice." *United States v. Delco*, No. CR 09-57, 2020 WL 4569670, at *2 (E.D. La. Aug. 7, 2020); *see also Webb*, 565 F.3d at 795.

In the present case, the "interests of justice" do not require that counsel be appointed because Defendant has not shown that he is incapable of adequately presenting his motion *pro se*. Indeed, over the course of his briefings, he sets forth the facts, claims, and arguments to prosecute his motions for compassionate release. Further, to the extent Defendant requests counsel to assist

with obtaining records and making filings, the "Court fails to see how an attorney is necessary to compile or obtain documentation." *United States v. Elliott*, No. CR413-115, 2020 WL 5171363, at *4 (S.D. Ga. Aug. 31, 2020) (denying motions for compassionate release, home confinement, and appointment of counsel). In any event, courts within this district routinely deny as moot motions for appointment of counsel where the underlying motions for compassionate release are denied on the merits, like here. *See, e.g.*, *United States v. Smith*, No. 9:14-CR-80219, 2020 WL 5235726, at *2 (S.D. Fla. Sept. 2, 2020); *United States v. Neloms*, No. 18-CR-80154, 2020 WL 4794008, at *4 (S.D. Fla. Aug. 18, 2020). Therefore, the Court denies Defendant's request for appointment of counsel.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [37]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Modesto Mendoza
94646-179
Leavenworth-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1000
Leavenworth, KS 66048